# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NOS.:        3:08cr66/MCR/EMT
                                                        3:20cv5903/MCR/EMT

WILLIE JOE POUNCEY,
a/k/a Willie Joe Pouncy,[1]
Reg. No. 07019-017

_____/

# O R D E R

This case is before the Court on Defendant Willie Joe Pouncey's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.   ECF No. 61.

The Government agrees that the sentence, as imposed, does not comport with the

Court's original intent, and it does not oppose resentencing.   ECF No. 76.

Therefore, Pouncey's motion will be granted.

_____

[1] The Indictment identifies Defendant as the undersigned has in the caption of this Order ("Willie Joe Pouncey, a/k/a 'Willie Joe Pouncy'").   ECF No. 1.   The Presentence Investigation Report (PSR) reflects that the correct spelling of Defendant's last name is Pouncy.   ECF No. 62, PSR ¶ 84.

## Discussion

In December of 2008, this Court sentenced Pouncey to a term of life imprisonment after he pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 500 grams of more of cocaine, as well as a substantive count of possession with intent to distribute 5 grams or more of cocaine base.   ECF No. 26.   In 2015, Pouncey's sentence was reduced to a term of 96 months' imprisonment, and he was released from prison and placed on supervised release.   ECF No. 39.

On March 20, 2019, Pouncey was charged with twenty violations of supervised release.   ECF No. 42.   An amended petition, dated May 21, 2019, charged twenty-three violations of supervised release.   ECF No. 50.

At Pouncey's final revocation hearing on August 19, 2020, Pouncey faced an advisory guidelines range of 51 to 60 months.   ECF No. 73 at 3.   As of the date of the hearing, Pouncey had been in custody for 15 months.   *Id.* at 22.   Most of this time was in relation to state court charges underlying several of the federal violations, although Pouncey completed his state sentence at the end of July 2020 and had been solely in federal custody since then.   *Id.* at 22–23.   The Court stated its intent to impose a thirty-month sentence, giving Pouncey credit for all the time

he had served.    The Court explained, "what this means is, you've served 15 months

and so you got another 15 months to do."    ECF No. 73 at 25–26.    The Judgment

reflected Pouncey's sentence as thirty months as to Violations One through Twenty-

Three, with the sentence "to run concurrent with any time served in two Florida State

cases 18CF849 and/or 19CF273 beginning in May 2019."    ECF No. 60 at 3.

Less than two months later, Pouncey filed the instant Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside or Correct Sentence.    ECF No. 61.    Pouncey contends

that (1) counsel was constitutionally ineffective for advising him to accept a "deal"

that did not afford him sentencing credit, and (2) his sentence was illegal because

the Bureau of Prisons (BOP) did not award him credit for time served, as this Court

intended.    The chief magistrate judge ordered the Government to respond to his

motion.    ECF No. 63.    Around the same time, Pouncey sent two letters to the

undersigned, mentioning, among other things, the BOP's failure to give him the

sentencing credit this Court intended.    ECF No. 64.    Appended to one of the letters

was a letter from Pouncey's former attorney urging Pouncey to file a § 2255 motion.

Counsel noted in his letter that the BOP had correctly refused to afford Pouncey

credit for time served on a state sentence that had been discharged before the federal

sentence was imposed, and counsel accepted responsibility for not previously raising

this issue so the Court's intended sentence could have been fulfilled in a different way, such as through the § 3553 factors.    ECF No. 64 at 7–8.    The Court directed the clerk to file the letters under seal and construed the correspondence as a singular motion for appointment of counsel.    ECF No. 65.    It granted the motion, and attorney Donald M. Sheehan filed a notice of appearance on December 17, 2020.

As noted above, the Government has now filed its response[2] to Pouncey's § 2255 motion, indicating that Pouncey's request for resentencing should be granted in order to fulfill this Court's clear intent.    ECF No. 76.    The Government concedes that the original VOSR Judgment (ECF No. 60) should be vacated, and it urges this Court to conduct a new sentencing with a full *Jones*[3] inquiry following the pronouncement of sentence.    The Government indicates that the Court would be free to revisit all of its prior sentencing rulings at such a proceeding.    However, a full resentencing does not appear necessary.    The Government did not appeal the below-guidelines sentence the Court previously imposed, and the Government does

---

[2] Due to the retirement of the assigned Assistant United States Attorney, this matter did not come to the Government's attention until January of 2021.

[3] *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990); *see also United States v. Campbell*, 473 F.3d 1345, 1346 (11th Cir. 2007) (holding that the "Jones rule"—which requires a district court, after imposing sentence, to "elicit fully-articulated objections to the court's findings of fact, conclusions of law, and the manner in which the sentence was imposed"—applies to supervised release revocation proceedings).

not suggest that it would now object to the Court fashioning the sentence to comport with its original intent.    Furthermore, after granting a section 2255 motion, a court has authority to correct a prisoner's sentence without conducting a formal resentencing hearing.  *See United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007); *United States v. Joseph*, 569 F. App'x 861, 864 (11th Cir. 2014); *United States v. Jackson*, 923 F.2d 1494, 1496–98 (11th Cir. 1991); *United States v. Brewer*, 360 F. App'x 28 (11th Cir. 2010) (per curiam).

Accordingly it is **ORDERED**:

1.     Defendant Pouncey's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 61) is **GRANTED.**

2.     Effective February 22, 2021, Defendant Pouncey's term of incarceration is reduced from thirty months to fifteen months, with credit for all time served in federal custody.    In all other respects the Court's Judgment of August 26, 2020 (ECF No. 60), remains in full force and effect.

**DONE AND ORDERED** this 22nd day of February 2021.

s/  *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case Nos.: 3:08cr66/MCR/EMT; 3:20cv5903/MCR/EMT